[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Morris*, Slip Opinion No. 2021-Ohio-779.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-779

IN RE APPLICATION OF MORRIS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Morris*, Slip Opinion No. 2021-Ohio-779.]

*Attorneys—Character and fitness—Application to register as a candidate for admission to the practice of law—Delinquent-child adjudication—Pending registration application approved.*

(No. 2020-1177—Submitted January 27, 2021—Decided March 17, 2021.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 742.

_____

**Per Curiam.**

{¶ 1} Applicant, Robert Bruce Morris, of Strongsville, Ohio, applied in October 2018 to register as a candidate for admission to the practice of law in Ohio. He is expected to graduate from the Cleveland-Marshall College of Law in May 2021.

{¶ 2} Two members of the Cleveland Metropolitan Bar Association admissions committee interviewed Morris, and the committee issued a provisional

report recommending that his character and fitness be approved. However, because Morris had been adjudicated a delinquent child for conduct that would be a felony if committed by an adult, his application was submitted to the Board of Commissioners on Character and Fitness for review in accordance with Gov.Bar R. I(13)(D)(5)(a) and I(14).

{¶ 3} In June 2020, a three-member panel of the board conducted a hearing during which Morris testified about the incident in his juvenile record that occurred when he was 15 years old and a separate incident that occurred when he was 18 years old for which he received a citation for underage possession of alcohol. Two character witnesses also testified on Morris's behalf: the chief magistrate for the Cleveland Municipal Court, which employs Morris as a law clerk, and an attorney who helped run a legal clinic at a homeless shelter where Morris volunteers. Morris also submitted 16 letters of support. And during the hearing, the Cleveland Metropolitan Bar Association renewed its recommendation that his application be approved.

{¶ 4} The panel issued a report finding that Morris was forthright in his testimony about his two run-ins with the law and that he had fully cooperated in the character-and-fitness investigation. The panel noted that at the bar association's suggestion, Morris had undergone a psychological evaluation, which concluded that he suffered from no mental or substance-abuse disorders that would impair his ability to perform a lawyer's necessary functions. The panel also noted that Morris's two character witnesses had testified that he was forthright with them about his past and that they had spoken highly of Morris as an employee and a volunteer. In September 2020, the board adopted the panel's report and recommended that we approve Morris's registration application.

{¶ 5} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(13)(D)(1). The

applicant's record of conduct must "justif[y] the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(13)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.* In determining whether the record demonstrates such a deficiency, we consider a number of the factors identified in Gov.Bar R. I(13)(D)(3) and (D)(5)(a), including evidence of an untreated chemical dependency; evidence of a mental or psychological disorder that could affect the applicant's ability to practice law in a competent and professional manner; whether the applicant failed to provide complete and accurate information regarding his or her past; whether the applicant made any false statements, including omissions; and, if applicable, the amount of time that has passed since the applicant was convicted of a felony or adjudicated a delinquent child. *See* Gov.Bar R. I(13)(D)(3)(b), (e), (g), and (h) and (D)(5)(a)(i).

**{¶ 6}** Upon consideration of the record and the applicable rules, we agree with the board that Morris has met his burden of proving that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law. Accordingly, we adopt the board's report and approve Morris's pending registration application.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Koblentz & Penvose, L.L.C., and Nicholas E. Froning, for applicant.

Russell A. Moorhead, for the Cleveland Metropolitan Bar Association.

_____